IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DEANTA McINTYRE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0574-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner James Deanta McIntyre, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was indicted by an Ellis County grand jury on a single count of sexual assault of a child. On January 21, 2005, petitioner was convicted of the lesser included offense of indecency with a child and sentenced to 25 years confinement. After his appeal was dismissed as untimely, *see McIntyre v. State*, No. 10-05-00253-CR, 2005 WL 1837334 (Tex. App.--Waco, Aug. 3, 2005), petitioner filed an application for state post-conviction relief on the ground that he was denied the opportunity to file an appeal. Relief was granted in the form of an out-of-time appeal. *Ex parte McIntyre*, AP-75426, 2006 WL 1410192 (Tex. Crim. App. May 24, 2006). Thereafter, the state appeals court affirmed petitioner's conviction and sentence. *McIntyre v. State*, No. 10-06-00196-CR, 2007 WL 900089 (Tex. App.--Waco, Mar. 21, 2007, pet. ref'd). Petitioner then filed a second

application for state post-conviction relief. That application is pending in the trial court on remand from the Texas Court of Criminal Appeals. *Ex parte McIntyre*, WR-63,803-02, 2009 WL 623979 (Tex. Crim. App. Mar. 11, 2009).

On March 20, 2009, petitioner filed an application for writ of habeas corpus in federal district court. In multiple grounds for relief, petitioner contends that: (1) he was convicted of a crime not charged in the indictment in violation of his Fifth Amendment rights to due process and equal protection under the laws; (2) the trial court lacked jurisdiction to enter a judgment of conviction for an offense not alleged in the indictment; (3) the resulting judgment is void; (4) the evidence was insufficient to support his conviction; (5) his sentence is illegal; and (6) he received ineffective assistance of counsel. After reviewing his federal writ, the court sent written interrogatories to petitioner in order to determine whether his claims were sufficiently exhausted. Petitioner answered the interrogatories on April 29, 2009. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. On direct appeal, petitioner challenged his conviction on two broad grounds: (1) the trial court erred in instructing the jury on the lesser included offense of indecency with a child; and (2) the evidence was legally and factually insufficient to prove that his sexual contact with the victim "was accompanied by a desire to arouse or gratify the sexual desire of any person." *See McIntyre*, 2007 WL 900089 at *1. Petitioner did not appeal on the grounds that his conviction violated his Fifth Amendment rights, that the trial court lacked jurisdiction over the case, that the resulting judgment is void, that his sentence is illegal, or that he received ineffective assistance of counsel. Although petitioner has raised these claims in a state writ currently pending in the trial court, (*see* Mag. J. Interrog. #3(d)-(e)), the Texas Court of Criminal Appeals has not yet had an opportunity to consider those claims. Therefore, petitioner has not satisfied the exhaustion requirement.

Recognizing that he has not sufficiently exhausted his state remedies, petitioner asks the court to stay his federal writ and hold it in abeyance "in order [to] protect [my] right and opportunity to be heard by Federal Courts as required by the AEDPA." (*See* Mag. J. Interrog. #3(e)). Evidently, petitioner is concerned that if his pending state writ is dismissed, a subsequent federal writ may be barred by the AEDPA statute of limitations. (*Id.*).[1] In such circumstances, federal courts have limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005). However, a stay is not appropriate where, as here, the AEDPA limitations period has not yet expired and petitioner's claims are currently pending before

---

[1] If the instant case is dismissed rather than stayed, petitioner calculates that he will have 17 days left after his state writ is decided to file a subsequent federal writ. (*See* Mag. J. Interrog. #3(e)). Without expressing an opinion regarding the accuracy of this calculation, the court notes that the AEDPA limitations period has not yet expired. Moreover, the limitations period is subject to statutory tolling during the pendency of petitioner's state writ. *See* 28 U.S.C. § 2244(d)(2).

the state court. *See McIndoo v. McNeil*, No. 08-81384-CIV, 2009 WL 901492 at *3 (S.D. Fla. Mar. 31, 2009) (dismissal, rather than stay, was appropriate where prisoner was in the process of exhausting state remedies and had sufficient time, "albeit a limited period of time, to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted").

Nor has petitioner has demonstrated "good cause" for failing to satisfy the exhaustion requirement. *See Ybarra v. Quarterman*, 200 Fed.Appx. 341, 342, 2006 WL 2683339 at *1 (5th Cir. Sept. 19, 2006), *cert. denied*, 127 S.Ct. 2041 (2007), *citing Rhines*, 125 S.Ct. at 1535 (district court has discretion to stay, rather than dismiss, a habeas petition where, *inter alia*, "there is 'good cause' for the petitioner's failure to exhaust his claim first in state court"). In determining whether "good cause" exists, the court is guided by the instruction in *Rhines* that a "mixed" habeas petition should be stayed only in "limited circumstances." *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005), *citing Rhines*, 125 S.Ct. at 1535. When asked to explain why he failed to exhaust his state remedies before filing his federal writ, petitioner responded:

> At the beginning of my timeline to file a state 11.07, my grandmother was working as a door greeter a [sic] Wal-mart to save money to get an attorney to file my 11.07. She got sick and was forced to retire without earnig [sic] the money. I had to proceed Pro-Se [sic]. Having little knowledge of the law, I was unable to complete my 11.07 application and memorandum until very nearb [sic] the time had run. Also the Coffield law library only allowed small amount of time each day and the [sic] was the fastest I could get it done.

(Mag. J. Interrog. #5). None of these excuses--*pro se* status, ignorance of the law, or limited access to the law library--constitutes "good cause" for petitioner's failure to exhaust his state remedies. *See Taylor v. Sherry*, No. 07-CV-14298, 2009 WL 596241 at *2 n.3 (E.D. Mich. Mar. 9, 2009), *citing Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir.), *cert. denied*, 125 S.Ct. 506 (2004) (*pro se* status does

not constitute "good cause" for failure to exhaust state remedies and, therefore, does not justify stay-and-abeyance procedure); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (same as to ignorance of the law); *Brown v. Woodford*, No. 1-05-cv-01029-AWI-TAG HC, 2008 WL 427959 at *2 (E.D. Cal. Feb. 13, 2008) (same as to limited access to prison law library). Indeed, most prisoners appear *pro se* and are unskilled in the law. Many also claim lack of access to an adequate law library. Were the court to grant a stay for these reasons, such orders would become routine. The court therefore determines that dismissal, rather than a stay, is appropriate.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE